United States District Court
Southern District of Texas
**ENTERED**
January 03, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVIE LEE DORSEY, SPN #0064731, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3824 |
| TEXAS DEPARTMENT OF CORRECTIONS, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Stevie Lee Dorsey, is currently in custody at the Harris County Jail. Dorsey has filed a hand-written complaint alleging civil rights violations under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1). Dorsey has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 2). Because Dorsey is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Dorsey is presently in custody at the Harris County Jail pending criminal charges in the 338th District Court of Harris County, Texas, for assault on a family member in Cause No. 1563787.[1] The State of Texas has enhanced the indictment in that case for purposes of punishment with allegations that, before the charged offense was committed on September 4, 2017, Dorsey had been convicted of assault on a family member in two prior cases: Cause No. 1137699 in the 338th District Court for Harris County (2008); and Cause No. 1284453 in the 177th District Court for Harris County, Texas (2011).[2]

Dorsey has filed this lawsuit against the Texas Department of Corrections, the "State of Texas Judiciary System," two state district judges (Kevin Fine and Brock Thomas) who formerly presided over the 177th and 338th District Courts, and unidentified Harris County prosecutors who were assigned to those courts when Dorsey's prior convictions in Cause Nos. 1137699 and 1284453 were entered in 2008 and 2011.[3] With regard to his prior convictions, Dorsey contends that he was unlawfully charged, convicted, and sentenced to a "concurrent" two-year term of imprisonment in Cause No. 1284453 while he was still serving the sentence that he received in

---

[1] Indictment, Docket Entry No. 1-1, p. 1.

[2] Id.

[3] Complaint, Docket Entry No. 1, pp. 1-2.

-2-

Cause No. 1137699.[4] Arguing that the charges in Cause No. 1284453 resulted in "Double Billing," Dorsey contends that he was improperly punished twice for the same offense in violation of the Double Jeopardy Clause and several other constitutional provisions.[5] Invoking 42 U.S.C. § 1983, Dorsey seeks compensatory and punitive damages for his wrongful conviction and the two-year term of imprisonment that he received in Cause No. 1284453.[6]

## II. Discussion

Dorsey's civil rights Complaint, which primarily concerns a conviction that was entered against him in 2011, is subject to the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Because Dorsey waited more than two years to file suit from the time his claims accrued, his Complaint under 42 U.S.C. § 1983 is untimely and therefore legally frivolous. See Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

Dorsey's Complaint fails to state a viable claim for a number of other alternative reasons. Dorsey's claims for monetary damages against the Texas Department of Corrections, which is a state agency now known as the Texas Department of Criminal Justice

---

[4] Id. at 3.

[5] Id. at 4.

[6] Id. at 5.

("TDCJ"), are barred by the Eleventh Amendment. See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002). To the extent that Dorsey also appears to sue the State of Texas for its judicial system, the Eleventh Amendment also bars those claims.

Dorsey cannot recover monetary damages from the individual state district judges named in the Complaint because "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). It is also well established that prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. See Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009) (citing Burns v. Reed, 111 S. Ct. 1934 (1991) and Kalina v. Fletcher, 118 S. Ct. 502 (1997)); see also Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case). Because Dorsey's allegations are insufficient to overcome these individual defendants' entitlement to absolute immunity, his claims against the state district judges and prosecutors assigned to the 177th and 338th District Courts for Harris County must be dismissed.

Dorsey cannot otherwise recover money damages based on allegations of "unconstitutional conviction or imprisonment, or for

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). It is evident from the pleadings and exhibits that the challenged conviction has not been set aside or invalidated. Because Dorsey does not demonstrate that the challenged conviction has been invalidated, his civil rights claims are not cognizable under 42 U.S.C. § 1983 and his Complaint must be dismissed with prejudice. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). Accordingly, this case will be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and as legally frivolous for purposes of 28 U.S.C. § 1915A(b).

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 2) is **GRANTED**.

2. Officials at the Harris County Jail are directed to deduct the filing fee for indigent litigants

-5-

($350.00) from the Inmate Trust Fund account of Stevie Lee Dorsey (SPN #00647731), in periodic installments pursuant to 28 U.S.C. § 1915(b), and forward those funds to the Clerk of Court until the entire fee is paid.

3. Dorsey's Complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice**.

4. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy of this order by regular mail or electronic mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant Tom Katz, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 3rd day of January, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE